## Bonnon's Estate *v.* Urton.

In default of payment in land for services rendered, the party may recover the value of what he was to receive.

Where services performed were to be paid for in land, the party may recover, though the contract was not in writing.

In a suit against an estate where the pleadings do not show that the liability was joint, nor that there was a surviving partner, nor even an effort to have the co-debtor made a party, the plaintiff may recover if his claim is proved.

### Error *to Jefferson District Court.*

*Opinion by* Greene, J. Urton filed his claim before the probate court against the estate of O. Bonnon, and recovered judgment for $200. Defendant appealed to the district court, where the plaintiff recovered a verdict and judgment for $30. The defendant brings the case to this court and objects to some of the instructions given to the jury:

1. The court instructed the jury in substance, that if the parties agreed in advance for a certain tract of land in payment, and if the plaintiff performed his part of the contract, and received nothing in payment for his services, he should recover the worth of what he should have had. Objections are urged to this instruction, still, we can discover nothing in it calculated to mislead a jury. It seems applicable to the case, and as a legal proposition, we think it well founded. If the plaintiff worked for a particular object, and performed the work according to contract, he was surely entitled to the object or its value. Law, justice, and common honesty unite in support of this proposition.

2. But it is again objected that the court instructed the jury that if the payment " was to be in land, the plaintiff may still recover, though the contract was *not* in writing."

Bonnon's Estate *v.* Urton.

Authorities are adduced to show that a mere verbal contract for land is not binding. It is hardly necessary to say that these authorities are not applicable to the case and instructions before us. Here the instruction assumes that, if the work was performed in payment of the land, the plaintiff might recover. As the land was paid for by the work performed, if the defendant failed to make payment in the land, clearly the plaintiff was entitled to recover the value of the land at the time payment should have been made, with interest, although the contract was not in writing.

3. It was objected in the court below, and the objection is urged in this court, that O. Bonnon and his brother, are jointly liable, and that the suit cannot be sustained against one alone. It is claimed that both were benefited by the services rendered, that both were liable, and that therefore both should be sued. If both were liable, it necessarily folfollows that each one was liable ; the plaintiff might sue one or both. If one is sued alone, and he goes to trial without having his co-debtor brought into court, he cannot, thus escape his liability.

At common law, such a joint liability could only be sustained against the surviving debtor. But this doctrine is not consistent with the statutes of this state. But if the doctrine was applicable to this state, it could not be enforced in this case because there is nothing in the pleadings or proceedings, to show that the liability was against joint parties, or that there was a survivor.

We conclude then that the proceedings below are not erroneous.

Judgment affirmed.

*C. Negus*, for plaintiff in error.

*C. Baldwin*, for defendant.